IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC. D/B/A CMS TECHNOLOGIES AND CHRIMAR HOLDING COMPANY, LLC,<br><br>Plaintiffs,<br>v.<br><br>RUCKUS WIRELESS INC.,<br><br>Defendant. | CIVIL ACTION NO.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiffs Chrimar Systems Inc. d/b/a CMS Technologies ("Chrimar") and Chrimar Holding Company, LLC ("Holding") file this Original Complaint ("the Complaint") for infringement of United States Patent Nos. 8,155,012 ("the '012 Patent"), 8,942,107 ("the '107 Patent"), 8,902,760 ("the '760 Patent"), and 9,019,838 ("the '838 Patent"), collectively the "Patents-in-Suit."

## THE PARTIES

1.  Chrimar is a Michigan corporation with a place of business located at 36528 Grand River Avenue, Suite A-1, Farmington Hills, Michigan 48335.

2.  Holding is a Texas limited liability company with a place of business located at 911 NW Loop 281, Suite 211-14, Longview, Texas 75604.

3.  Chrimar and Holding are collectively referred to as "Plaintiffs" or "CMS."

4. Ruckus Wireless Inc. ("Ruckes") is a Delaware corporation with its principal place of business located at 350 West Java Drive, Sunnyvale, California 94089. This Court has personal jurisdiction over Ruckus.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

8. This Court has personal jurisdiction over Defendant because Defendant has engaged in continuous and systematic activities in the state of Texas, including in this district.

## PATENTS-IN-SUIT

9. Chrimar is the owner and assignee of the '012 Patent, entitled "System and Method for Adapting a Piece of Terminal Equipment" and Holding is the exclusive licensee of the '012 Patent. CMS owns all substantial rights in the '012 Patent. A true and correct copy of the '012 Patent is attached as Exhibit A.

10. The '012 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. Chrimar is the owner and assignee of the '107 Patent, entitled "Piece of Ethernet Terminal Equipment" and Holding is the exclusive licensee of the '107 Patent. CMS owns all substantial rights in the '107 Patent. A true and correct copy of the '107 Patent is attached as Exhibit B.

12. The '107 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13. Chrimar is the owner and assignee of the '760 Patent, entitled "Network System and Optional Tethers" and Holding is the exclusive licensee of the '760 Patent. CMS owns all substantial rights in the '760 Patent. A true and correct copy of the '760 Patent is attached as Exhibit C.

14. The '760 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Chrimar is the owner and assignee of the '838 Patent, entitled "Central Piece of Network Equipment" and Holding is the exclusive licensee of the '838 Patent. CMS owns all substantial rights in the '838 Patent. A true and correct copy of the '838 Patent is attached as Exhibit D.

16. The '838 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DEFENDANT'S ACCUSED PRODUCTS

17. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports Power over Ethernet ("PoE") powered devices ("PDs") that comply with and/or are compatible with IEEE 802.3af and/or 802.3at. Such products include, but are not limited to, wireless access points such as the ZoneFlex 7962 Access Point, collectively the "Accused PD Products."

18. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports PoE power sourcing equipment ("PSEs") that comply with and/or are compatible with IEEE 802.3af and/or 802.3at. Such products include, but are not limited to, PoE switches such as the ZoneSwitch 4124 Switch, collectively the "Accused PSE Products."

19. The Accused PD Products and the Accused PSE Products are collectively the "Accused Products."

20. Upon information and belief, the Accused Products are offered for sale and sold throughout the United States, including within the Eastern District of Texas.

21. Defendant has purposefully and voluntarily placed the Accused Products into the stream of commerce with the expectation that these products will be purchased and used by end users in the United States, including end users in the Eastern District of Texas.

22. Defendant provides direct and indirect support concerning the Accused Products to end users, including end users within the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,155,012

23. CMS incorporates paragraphs 1 through 22 herein by reference.

24. Defendant has and continues to directly infringe the '012 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused PD Products.

25. Defendant has and continues to indirectly infringe the '012 Patent in violation of 35 U.S.C. § 271(b) by inducing its partners, customers, distributors, and/or end users to use, offer for sale, and sell the Accused PD Products, and therefore Defendant induces others to directly infringe the '012 Patent.

26. End users that use the Accused PD Products directly infringe the '012 Patent.

27. Defendant has been on notice of the '012 Patent since at least as early as the filing date of this Complaint.

28. CMS has been damaged as a result of Defendant's infringing conduct described in this Count.

## COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 8,942,107

29. CMS incorporates paragraphs 1 through 28 herein by reference.

30. Defendant has and continues to directly infringe the '107 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused PD Products.

31. Defendant has and continues to indirectly infringe the '107 Patent in violation of 35 U.S.C. § 271(b) by inducing its partners, customers, distributors, and/or end users to use, offer for sale, and sell the Accused PD Products, and therefore Defendant induces others to directly infringe the '107 Patent.

32. End users that use the Accused PD Products directly infringe the '107 Patent.

33. Defendant has been on notice of the '107 Patent since at least as early as the filing date of this Complaint.

34. CMS has been damaged as a result of Defendant's infringing conduct described in this Count.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,902,760

35. CMS incorporates paragraphs 1 through 34 herein by reference.

36. Defendant has and continues to directly infringe the '760 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products.

37. Defendant has and continues to indirectly infringe the '760 Patent in violation of 35 U.S.C. § 271(b) by inducing its partners, customers, distributors, and/or end users to use, offer for sale, and sell the Accused Products, and therefore Defendant induces others to directly infringe the '760 Patent.

38. Defendant has and continues to indirectly infringe the '760 Patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Accused Products into the United States.

39. The Accused PD Products and/or Accused PSE Products are components of a patented machine, manufacture, combination, or system, constitute a material part of the invention as claimed in the '760 Patent, and Defendant knows the same to be especially made or especially adapted for use in a manner that infringes one or more claims of the '760 Patent.

40. The Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

41. End users that use the Accused Products directly infringe the '760 Patent.

42. Defendant has been on notice of the '760 Patent since at least as early as the filing date of this Complaint.

43. CMS has been damaged as a result of Defendant's infringing conduct described in this Count.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 9,019,838

44. CMS incorporates paragraphs 1 through 43 herein by reference.

45. Defendant has and continues to directly infringe the '838 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused PSE Products.

46. Defendant has and continues to indirectly infringe the '838 Patent in violation of 35 U.S.C. § 271(b) by inducing its partners, customers, distributors, and/or end users to use, offer for sale, and sell the Accused PSE Products, and therefore Defendant induces others to directly infringe the '838 Patent.

47. End users that use the Accused PSE Products directly infringe the '838 Patent.

48. Defendant has been on notice of the '838 Patent since at least as early as the filing date of this Complaint.

49. CMS has been damaged as a result of Defendant's infringing conduct described in this Count.

## ADDITIONAL ALLEGATIONS

50. CMS has complied with 35 U.S.C. § 287.

## JURY DEMAND

CMS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

CMS requests that this Court find in its favor and against Defendant, and that this Court grant CMS the following relief:

    a.    Enter judgment that Defendant has infringed the Patents-in-Suit;

    b.    Award Plaintiffs damages in an amount adequate to compensate Plaintiffs for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty in accordance with 35 U.S.C. § 284;

    c.    Award Plaintiffs pre-judgment and post-judgment interest to the full extent allowed under the law, as well as their costs;

    d.    Order Defendant to pay a reasonable royalty for each future infringement of the Patents-in-Suit;

    e.    Declare that this is an exceptional case and award Plaintiffs their reasonable attorneys' fees incurred in this action;

    f.    Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: July 1, 2015                                    Respectfully submitted,


   */s/ Justin S. Cohen*
Justin S. Cohen
  Texas State Bar No. 24078356
  Justin.Cohen@tklaw.com
Richard L. Wynne, Jr.
  Texas State Bar No. 24003214
  Richard.Wynne@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1211
214.880.1599 (Fax)

ATTORNEYS FOR PLAINTIFFS
CHRIMAR SYSTEMS, INC. D/B/A CMS
TECHNOLOGIES and CHRIMAR HOLDING
COMPANY, LLC